**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID ANDERSON, SR.,

       Petitioner-Appellant,

v.

STATE OF KANSAS, PHILL KLINE,
Kansas Attorney General and SAM
CLINE, Warden, Ellsworth
Correctional Facility,

       Respondents-Appellees.

No. 06-3263

District of Kansas

(D.C. No. 04-3275-CM)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

David Anderson, Sr., a state prisoner proceeding *pro se*, seeks a certificate
of appealability (COA) that would allow him to appeal from the district court's
order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C.
§ 2253(c)(1)(A). Because we conclude that Mr. Anderson has failed to make "a
substantial showing of the denial of a constitutional right," we deny his request
for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

**Background**

On the evening of May 3, 2000, Mr. Anderson's truck collided with a motorcycle driven by Gary Wagner. Mr. Anderson and Mr. Wagner were transported to the hospital where Mr. Wagner subsequently died. An eye witness reported to police that Mr. Anderson was driving without his lights on and that he had crossed the center line several times before the collision. At the hospital, an officer read Mr. Anderson an implied consent form and asked for his permission to perform a blood test. Mr. Anderson responded, "I don't care," and the police instructed a nurse to take a blood sample. Approximately an hour later, police arrested Mr. Anderson and he was eventually charged with violating a number of Kansas statutes, including involuntary manslaughter, driving under the influence, reckless driving, failure to use headlights, and driving on the left side of the road.

At trial, the prosecution attempted to introduce the results of the blood alcohol test, which showed Mr. Anderson had a blood alcohol content of 0.21 at the time of testing. Mr. Anderson argued that the sample should be excluded because it was taken without consent and prior to his arrest. The court agreed and held that the evidence should be excluded. The government appealed the district court's ruling and the Kansas Court of Appeals reversed. The appellate court held that the blood test was admissible under *Schmerber v. California*, 384 U.S. 757 (1966), because the officer had probable cause to believe Mr. Anderson was driving under the influence of alcohol, the "evanescent nature of the [blood

alcohol] evidence" created exigent circumstances allowing seizure without a warrant, and the test was performed in a reasonable manner. App. 25–26. The Kansas Supreme Court denied Mr. Anderson's request for review.

After remand to the state district court, a jury found Mr. Anderson guilty on all counts. Mr. Anderson appealed, and the Kansas Court of Appeals affirmed the conviction. The Kansas Supreme Court denied Mr. Anderson's petition for review. Thereafter, Mr. Anderson filed a petition for habeas corpus in federal district court under 28 U.S.C. § 2254, challenging his involuntary manslaughter conviction on Fourth Amendment grounds.

The district court did not reach the merits of Mr. Anderson's Fourth Amendment claim; rather, it dismissed the petition because Mr. Anderson had already received an opportunity for full and fair litigation of the claim in state court under the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465, 482 (1976). The district court refused to grant a COA. This petition followed.

## Discussion

An individual in state custody may appeal the denial of a motion for relief under 28 U.S.C. § 2254 only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been

-3-

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Mr. Anderson claims, without citation to authority, that the district court should have considered the merits of his Fourth Amendment claim despite the fact that he received multiple hearings on the matter before at least two different state courts. On the merits, Mr. Anderson argues that the state court erred in its interpretation of *Schmerber*. In *Schmerber*, the Supreme Court held that taking a blood sample without a warrant after an arrest did not violate the Fourth Amendment because the delay required in procuring a warrant risked destruction of evidence. 384 U.S. at 770. Mr. Anderson contends that the *Schmerber* exception to the warrant requirement only applies to blood samples taken after an arrest has occurred, and the taking of his blood sample—which occurred prior to his arrest—thus constitutes an unlawful seizure.

In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494. The opportunity for full and fair litigation "includes, but is not limited to, the procedural opportunity to raise or otherwise present a Fourth Amendment claim," a "full and fair evidentiary hearing contemplated by

-4-

*Townsend* [*v. Sain*, 372 U.S. 293 (1963)]," and state court "recognition and at least colorable application of the correct Fourth Amendment constitutional standards." *Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th Cir. 1978). Whether Mr. Anderson had an opportunity for a full and fair litigation of his Fourth Amendment claim in state court is a question this Court reviews *de novo*. *Cannon v. Gibson*, 259 F.3d 1253, 1260 (10th Cir. 2001).

The state appellate court correctly recognized that *Schmerber* enunciated the governing legal standard for Mr. Anderson's Fourth Amendment claim and applied it to the facts of Mr Anderson's case in at least a colorable manner. The state appellate court was convinced that the police were justified in taking Mr. Anderson's blood sample prior to arrest based on logic similar to that employed in *Schmerber*: the officers had probable cause to believe that Mr. Anderson was under the influence of alcohol and, in light of the evanescent nature of blood alcohol evidence, exigent circumstances existed that made an immediate sampling necessary. No reasonable jurist could find that the state court failed to colorably apply the correct legal standard, as enumerated in *Schmerber*. *See Cannon v. Gibson,* 259 F.3d 1253, 1264 (10th Cir. 2001) (dismissing a petition for habeas corpus based on a Fourth Amendment claim because the challenge was "more akin to an attack on the merits of the [prior state court] decision rather than a charge that [it] willfully misapplied constitutional law").

## Conclusion

Accordingly, we **DENY** Mr. Anderson's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge